# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTON LEE, | Case No. 1:18-cv-00234-EPG-HC |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| ANDRE MATEVOUSIAN, | |
| Respondent. | |

Petitioner Mario Anton Lee is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, serving a 200-month sentence imposed by the United States District Court for the Northern District of Alabama for one count of attempting to distribute cocaine. (ECF No. 1 at 2).[1] The Eleventh Circuit affirmed Petitioner's conviction and sentence. Thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which the Northern District of Alabama denied. Subsequently, in January 2014, Petitioner filed a petition for writ of *coram nobis*, which the Northern District of Alabama denied. The Eleventh Circuit affirmed the denial. (ECF No. 1 at 11−12).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On February 16, 2018, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Therein, Petitioner asserts the following claims: (1) actual innocence, and (2) cruel and unusual punishment. (Id. at 2–3). Petitioner seeks $375 million in compensatory damages and $375 million in punitive damages. (Id. at 4).

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (*per curiam*). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). With respect to

the first requirement, in the Ninth Circuit a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614 (1998). <u>Stephens</u>, 464 F.3d at 898. In <u>Bousley</u>, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." <u>Id.</u>

With respect to the second requirement, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." <u>Ivy</u>, 328 F.3d at 1060. In determining whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." <u>Harrison</u>, 519 F.3d at 960 (quoting <u>Ivy</u>, 328 F.3d at 1060–61).

In support of Petitioner's claim of actual innocence, the petition states:

> The District Court abuse of discretion, not giving and limiting instruction. The 11th Circuit Court of Appeal applied the law as if Petitioner was charged with conspiracy, not distribution. That Petitioner may have been charged with the same offense twice, under the Double Jeopardy 5-6th Amendment of the Constitution.

(ECF No. 1 at 2). However, Petitioner's allegations regarding instructions, misapplication of law, and double jeopardy challenge the legal sufficiency of the conviction rather than demonstrate Petitioner's factual innocence. Additionally, although the petition references newly discovered evidence, Petitioner does not describe said newly discovered evidence and does not establish that he never had the opportunity to raise his claim of innocence previously.

Additionally, Petitioner seeks $375 million in compensatory damages and $375 million in punitive damages. (ECF No. 1 at 4). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489

(1973). "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." Id. at 494. See Christian v. Norwood, 376 F. App'x 725, 726 (9th Cir. 2010) ("[A] § 2241 petition is not the proper vehicle for obtaining monetary damages.").

### III.
### ORDER

Accordingly, the Court HEREBY ORDERS Petitioner to SHOW CAUSE why the petition should not be dismissed for lack of jurisdiction under 28 U.S.C. § 2241 within **THIRTY (30) days** of the date of service of this order.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **March 7, 2018**       /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE