# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTON LEE,<br><br>    Petitioner,<br><br>    v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | Case No. 1:18-cv-00234-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE |

Petitioner Mario Anton Lee is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the instant petition, Petitioner challenges his conviction and sentence imposed by the United States District Court for the Northern District of Alabama. As this Court does not have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e), the undersigned recommends dismissal of the petition.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, serving a 200-month sentence imposed by the United States District Court for the Northern District of Alabama for one count of attempting to distribute cocaine. (ECF No. 1 at 2).[1] The Eleventh Circuit affirmed Petitioner's conviction and sentence. Thereafter, Petitioner

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which the Northern District of Alabama denied. Subsequently, in January 2014, Petitioner filed a petition for writ of *coram nobis*, which the Northern District of Alabama denied. The Eleventh Circuit affirmed the denial. (ECF No. 1 at 11–12).

On February 16, 2018, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Therein, Petitioner asserts the following claims: (1) actual innocence, and (2) cruel and unusual punishment. (ECF No. 1 at 2–3). On March 7, 2018, the undersigned ordered Petitioner to show cause why the petition should not be dismissed for lack of jurisdiction. (ECF No. 7). On July 30, 2018, Petitioner filed his response to the order to show cause. (ECF No. 18).

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Thus, a district court must address the threshold question whether a petition was properly brought under § 2241 or § 2255 in order to determine whether the district court has jurisdiction. Id. A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The

remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). With respect to the first requirement, in the Ninth Circuit a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

With respect to the second requirement, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy, 328 F.3d at 1060. In determining whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61).

In support of Petitioner's claim of actual innocence, the petition states:

> The District Court abuse of discretion, not giving and limiting instruction. The 11th Circuit Court of Appeal applied the law as if Petitioner was charged with conspiracy, not distribution. That Petitioner may have been charged with the same offense twice, under the Double Jeopardy 5-6th Amendment of the Constitution.

(ECF No. 1 at 2). However, Petitioner's allegations regarding failure to give and limiting instructions, misapplication of law, and double jeopardy challenge the legal sufficiency of the

3

conviction rather than demonstrate Petitioner's factual innocence. Additionally, although the petition references newly discovered evidence, the petition does not describe said newly discovered evidence and does not establish that he never had the opportunity to raise his claim of innocence previously.

In his response to the order to show cause, Petitioner contends that he is actually innocent, arguing that venue in the Northern District of Alabama was improper, the government erroneously charged him with two offenses in one count, and there was insufficient evidence to sustain his conviction. (ECF No. 18 at 4–5, 12). However, Petitioner has not shown that the legal basis for his claims did not arise until after he had exhausted his direct appeal and first § 2255 motion or that the law changed in any way relevant to his claims after his first § 2255 motion. As Petitioner has failed to establish that he never had an unobstructed procedural shot to pursue his claims, the Court finds that Petitioner does not satisfy the requirements to bring a § 2241 habeas petition under the savings clause of § 2255(e). Therefore, this Court lacks jurisdiction over the instant petition.

The Court further notes that Petitioner seeks $375 million in compensatory damages and $375 million in punitive damages. (ECF No. 1 at 4; ECF No. 18 at 3). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." Id. at 494. See Christian v. Norwood, 376 F. App'x 725, 726 (9th Cir. 2010) ("[A] § 2241 petition is not the proper vehicle for obtaining monetary damages.").

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. This provision applies to habeas petitions. See Hernandez, 204 F.3d at 865 n.6 (noting that § 1631 allows transfer of habeas petition to cure want of jurisdiction). "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction;

(2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (citing Kolek v. Engen, 869 F.2d 1281, 1284 (9th Cir. 1989)).

As noted above, Petitioner previously filed a § 2255 motion in the United States District Court for the Northern District of Alabama. (ECF No. 1 at 11). Thus, the United States District Court for the Northern District of Alabama would not have jurisdiction to entertain a "second or successive" § 2255 motion unless Petitioner first obtained authorization from the appropriate court of appeals. 28 U.S.C. § 2255(h). Here, there is nothing in the record that indicates Petitioner has obtained such authorization. Accordingly, the undersigned concludes that transfer would not be appropriate in this instance because the United States District Court for the Northern District of Alabama could not have exercised jurisdiction at the time this action was filed.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.[2]

Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

---

[2] This conclusion does not preclude Petitioner from attempting to pursue relief in the United States District Court for the Northern District of Alabama if he so wishes.

5

time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 14, 2018__   /s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE