UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTON LEE,<br><br>Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br><br>Respondent. | No. 1:18-cv-00234-DAD-EPG<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 23) |

Petitioner Mario Anton Lee is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus purportedly brought pursuant to 28 U.S.C. § 2241. On August 15, 2018, the assigned magistrate judge issued findings and recommendations, recommending that the petition be dismissed for lack of jurisdiction because petitioner failed to satisfy the criteria to bring a § 2241 habeas petition pursuant to the savings clause of 28 U.S.C. § 2255(e). (Doc. No. 19.) On November 19, 2018, the undersigned adopted those findings and recommendations in full and dismissed the petition. (Doc. No. 21.) On December 3, 2018, petitioner moved for reconsideration of that order.

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable

remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . .." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, in his motion for reconsideration petitioner again argues that his petition should not have been dismissed because he is alleging his actual innocence as to the offense of conviction. As the court's prior order made clear, however, a petition under § 2241 is available under the "escape hatch" of § 2255 only when a petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003)). Even if petitioner could satisfy the first prong of this test, he has never provided any explanation as to why his claim of actual innocence could not have been made in his first motion for relief under § 2255. *See Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (In determining whether a petitioner had such an unobstructed procedural shot, the court evaluates (1) whether the legal basis for the claim did not arise until after the petitioner exhausted his direct appeal and first § 2255 motion and (2) whether the law changed in any way relevant to the claim after the first §

2255 motion.) Absent such an explanation, the court finds that petitioner has not satisfied his burden of showing that he did not have an unobstructed procedural shot at presenting his actual innocence claim in the § 2255 motion he filed with the sentencing court.

For these reasons, petitioner's motion for reconsideration (Doc. No. 23) is denied.

IT IS SO ORDERED.

Dated: **December 5, 2018**

_____
UNITED STATES DISTRICT JUDGE